DLD-166                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2909
_____

FARIDA FANTY KESUMA,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-838-101)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2014
Before:  SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Opinion filed:  February 21, 2014)
_____

OPINION
_____

PER CURIAM

    Farida Fanty Kesuma, proceeding pro se, petitions for review of the June 10, 2013,

decision of the Board of Immigration Appeals (the "Board") denying her motion to reopen.

The government has filed a motion for summary disposition, arguing that no substantial

question is presented on appeal. 3d Cir. LAR 27.4; I.O.P. 10.6. For the following reasons, we will summarily deny the petition for review.

Kesuma is an ethnic Chinese Catholic native and citizen of Indonesia. She entered the United States in September, 2001, on a tourist visa with authorization to remain in the United States until March, 2002. She was served with a Notice to Appear on October 15, 2002, charging her with removal for overstaying her visa. Kesuma admitted the charges and conceded removability, but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

On January 15, 2004, the Immigration Judge ("IJ") granted her asylum, finding that, as a Chinese Catholic, Kesuma faced a pattern or practice of persecution in Indonesia. The Board remanded for further proceedings in light of Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005). On remand, the IJ denied relief, concluding that Kesuma failed to demonstrate a well-founded fear of future persecution on account of a pattern or practice of persecution against ethnic Chinese Christians in Indonesia.[1] The Board dismissed the appeal, and Kesuma filed a petition for review.

We granted her petition, finding that the Board erroneously applied the clear probability standard for withholding of removal to Kesuma's asylum claim. (C.A. No. 07-3854.) Her case was remanded to the Board for analysis under the appropriate well-founded fear of persecution standard. The Board, in turn, remanded the case to the IJ. On October 18, 2010, the IJ issued a decision concluding that Kesuma did not meet her burden of establishing eligibility for asylum

---

[1] The parties stipulated that Kesuma had not suffered past persecution.

because there was insufficient evidence to support a well-founded fear of future persecution. The Board affirmed. Kesuma's subsequent motion to reopen was denied, and her timely petition for review followed.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). The Board may deny a motion to reopen if it determines that "(1) the alien has not established a prima facie case for the relief sought; (2) the alien has not introduced previously unavailable, material evidence; or (3) in the case of discretionary relief (such as asylum), the alien would not be entitled to relief even if the motion was granted." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010) (internal quotation marks and citation omitted). We review the Board's denial of a motion to reopen for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The Board's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks and citation omitted), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted). We may summarily affirm the Board's decision when no substantial question is presented on appeal. 3d Cir. LAR 27.4; I.O.P. 10.6.

The record evidence supports the conclusion that Kesuma failed to demonstrate a well-founded fear of future persecution. Such a claim requires an applicant to demonstrate that (1) she would be individually singled out for persecution or (2) there is a pattern or practice of persecution of similarly situated individuals. Lie, 396 F.3d at 536 (explaining this "objective prong" of the well-founded fear of future persecution test). Kesuma failed to show that she faced an individualized risk of persecution. Nor did she establish a well-founded fear of future persecution due to a pattern or practice of persecution of Christians in Indonesia. "[T]o

3

constitute a pattern or practice, the persecution of the group must be systemic, pervasive, or organized" and must be "committed by the government or forces the government is either unable or unwilling to control." Id. at 537 (internal citations and quotations omitted). The evidence considered by the IJ on remand showed isolated incidents of mistreatment of Christians by non-government actors. Additionally, the Department of State report indicated that the Indonesian government was prosecuting those responsible for religiously motivated violence, and that such violence was significantly decreasing. In dismissing Kesuma's appeal, the Board agreed with the IJ's conclusion that she failed to prove a pattern or practice of persecution.[2]

The new evidence Kesuma submitted with her motion to reopen addressed general conditions in Indonesia. It did not establish that she would suffer an individualized risk of persecution. Again, it only demonstrated random and isolated incidents of religious violence in Indonesia. We agree that the record does not demonstrate the kind of "systemic, pervasive, or organized" violence that is required to constitute a pattern or practice of persecution. See id. ("[S]uch violence does not appear to be sufficiently widespread as to constitute a pattern or practice."). As the government points out, Kesuma does not raise a single allegation of legal or factual error committed by the Board in denying her motion to reopen, and we perceive no

---

[2] The Board also concluded that, because Kesuma failed to satisfy the standard for asylum, she failed to satisfy the standard for withholding of removal, which has a higher burden of proof. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Likewise, the Board agreed that Kesuma failed to show that it was more likely than not that she would be tortured if removed to Indonesia. See id. at 182-83. Nothing Kesuma submitted with her motion to reopen would change those conclusions.

abuse of discretion.[3]  We will, therefore, deny the petition for review.

---

[3] She argues that her case should be reopened because she received ineffective assistance of counsel.  However, that issue was never raised before the Board, and we lack jurisdiction to consider it.  See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).  Kesuma also seems to be under the impression that her motion to reopen was denied as time and number-barred, though the record reflects that is not the case.